UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FAIR HOUSING JUSTICE CENTER, INC.;
LISA DARDEN; JAMES EDWARD BECTON;
JUSTIN CARTER; and ANGELA SCOTT,

                        Plaintiffs,

    v.

KARA REALTY LLC, GODER REALTY
CORPORATION, OCEAN EMPIRE
MANAGEMENT LLC, EHUD LIVNE, AND
IVAN SHEUMEYKO,

                        Defendants.

13 Civ. 2339 (CLP)

**SETTLEMENT AGREEMENT**

---

WHEREAS, the Fair Housing Justice Center ("FHJC"), Lisa Darden, James Edward Becton, Justin Carter, and Angela Scott ("Plaintiffs") filed a Complaint on April 21, 2013, and an Amended Complaint on May 22, 2013, against the above-captioned defendants ("Defendants");

WHEREAS, in the complaint, Plaintiffs alleged, among other things, that Defendants discriminated against Plaintiffs on the basis of race or color in violation of the federal Fair Housing Act and the New York City Human Rights Law;

WHEREAS, Plaintiffs and Defendants wish to voluntarily resolve the claims raised by Plaintiffs in the Complaint, according to the terms set forth in this Settlement Agreement ("Agreement"), as a compromise to avoid the cost and uncertainty of litigation;

WHEREAS, Defendants have denied the allegations of wrongdoing and liability as set forth in the Complaint and by entering this Agreement does not intend to admit the same;

WHEREAS, Defendants maintain that they have complied and will continue to comply with the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and the New York City Human Rights Law, New York City Administrative Code § 8-107; and

WHEREAS, Plaintiffs and Defendants have voluntarily agreed to the terms of this Agreement and jointly request that it be so-ordered by the Court, as indicated by the signatures appearing below:

**IT IS HEREBY AGREED** by and between Plaintiffs and Defendants that:

## I.   TERM AND SCOPE OF AGREEMENT

1.      All obligations under this Agreement, unless otherwise specified, shall commence within fourteen (14) days from the date this Agreement is so-ordered by the Court and shall continue for a period of three (3) years from that date.

2.      This Agreement shall be binding on Defendants and any of their owners, employees, agents, representatives, officers, heirs, assigns, subsidiaries, or successors in interest, unless otherwise specified.   If any of the Buildings covered by this Agreement are sold during the term of the Agreement any of the principal owners of the corporate owners of the corporate defendants or to any corporations in which the principal owners of the corporate defendants hold an ownership interest, then this Agreement shall continue to apply to the Buildings.

3.      The terms of this Agreement shall apply to the policies, procedures, and operation of the residential rental building located at 40 Lincoln Road, Brooklyn, New York; 226 West 108th Street, New York, New York; 1060 Ocean Avenue, Brooklyn, New York; 805 Ditmas Avenue, Brooklyn, New York; 93 Underhill Avenue, Brooklyn, New York; 440 East 9th Street, Brooklyn, New York; 1641 Ocean Avenue, Brooklyn, New York; 1650 Ocean Avenue, Brooklyn, New York; 787 East 46th Street, Brooklyn, New York; 1261 Schenectady Avenue,

Brooklyn, New York; 128 Linden Boulevard, Brooklyn, New York; 134 Linden Boulevard, Brooklyn, New York; 1086 Ocean Avenue, Brooklyn, New York; 1463 Ocean Avenue, Brooklyn, New York; 99 Ocean Avenue, Brooklyn, New York; and 75 Ocean Avenue, Brooklyn, New York (the "Buildings"), unless otherwise specified.

4.     Where the phrase "Corporate Defendants" is used in this Agreement, it shall refer to Kara Realty LLC, Goder Realty Corporation, and Ocean Empire Management LLC, and any of their owners, employees, agents, representatives, officers, heirs, assigns, subsidiaries, or successors in interest

5.     Where the phrase "Individual Plaintiffs" is used in this Agreement, it shall refer to Lisa Darden, James Edward Becton, Justin Carter, and Angela Scott.

6.     Any time limits for performance imposed by this Agreement may be extended by the mutual, written agreement of Plaintiffs and the Corporate Defendants or by the Court after a finding of noncompliance.

## II.   MONETARY RELIEF

7.     The Corporate Defendants shall pay Plaintiffs and their attorneys, Emery Celli Brinckerhoff & Abady LLP ("ECBA"), the total sum of Two Hundred Twelve Thousand Dollars ($212,000.00) in full and final settlement of all Plaintiffs' claims including, but not limited to, damages, attorneys' fees, and costs (the "Settlement Amount"). The payment shall be made payable to "Emery Celli Brinckerhoff & Abady LLP as attorneys for Plaintiffs FHJC, Lisa Darden, James Edward Becton, Justin Carter, and Angela Scott." Defendants shall deliver this payment to Emery Celli Brinckerhoff & Abady LLP, 75 Rockefeller Plaza, 20th Floor, New York, New York, 10019. The Settlement Amount shall be paid in two payments, according to the following schedule:

    a. One payment of One Hundred Twenty Five Thousand Dollars ($125,000) payable within three business days after the date that the Agreement is so-ordered by the Court; and

    b. One payment of Eighty Seven Thousand Dollars ($87,000) within ninety (90) days of the date that the Agreement is so-ordered by the Court.

8.    The parties shall not file a Stipulation and Order of Dismissal with the Court to dismiss the case until after the Corporate Defendants make the second payment of Eighty Seven Thousand Dollars ($87,000). Plaintiffs' counsel shall hold the Stipulation and Order of Dismissal in escrow until Plaintiffs' receipt of the second payment of Eighty Seven Thousand Dollars ($87,000) at the address specified in paragraph 7.

9.    If the second payment of Eighty Seven Thousand Dollars is more than five (5) business days late, a judgment for the amount of Eighty Seven Thousand Dollars ($87,000) shall be entered against the Corporate Defendants. Before filing a judgment or executing a lien, Plaintiffs' counsel shall provide the Corporate Defendants and their attorney with written notice that the payment is late and that the Corporate Defendants have five (5) business days from receipt of such notice to cure such deficiency.

10.    Concurrent with the signing of this Agreement, the Corporate Defendants shall sign the Affidavit of Confession of Judgment ("Affidavit"), which is attached as Exhibit A. The Affidavit shall be held in escrow by Defendants' counsel and shall not be filed and/or recorded unless the Corporate Defendants fail to cure any deficiency after receiving notice as provided for in the preceding paragraph. Defendants' counsel shall provide the Affidavit to Plaintiffs' Counsel within two business days of Plaintiffs' request for the Affidavit made after Defendants' failure to cure as set forth in paragraph 9. Any judgment shall not include payments of the Settlement Amount previously made pursuant to paragraph 7 of this Agreement.

### III.  GENERAL INJUNCTIVE RELIEF

11.   Defendants and their employees and agents shall not discriminate against persons on the basis of race or color regarding the rental of dwellings and housing accommodations in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and the New York City Human Rights Law, New York City Administrative Code § 8-107, in any manner, including without limitation:

  a.  Refusing to rent, refusing to negotiate, refusing or failing to provide or offer information about, or otherwise making unavailable, withholding, or denying a dwelling or housing accommodation to persons because of race or color;

  b.  Representing that any dwelling or housing accommodation is not available for inspection or rental because of a person's race or color when such dwelling or housing accommodation is, in fact, so available, including refusing on the basis of race or color to show apartments that are available to rent; and

  c.  Imposing different terms, conditions, or privileges of rental of a dwelling or housing accommodation because of race or color, including stating different amounts of rent for the same apartment and not providing applications to prospective tenants because of race or color.

12.   Defendants shall apply neutral policies, procedures, requirements, rules and regulations to all their tenants and to all persons who inquire about apartments to rent or who submit applications for rent.

13.   Defendants agree not to take any action which would coerce, intimidate, threaten, or interfere with any of the Plaintiffs herein, in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by the federal Fair Housing Act and state and local fair housing laws pertaining to discrimination based on race or color.

## IV.   FAIR HOUSING POLICIES AND PRACTICES

14.   The Corporate Defendants shall adopt the attached equal housing opportunity policy in the form of Exhibit B (the "Policy") and adhere to the Policy throughout the term of this Agreement. The Corporate Defendants shall distribute the Policy to its principal owners, to its employees, to its managers, superintendents, and agents who work at the Buildings, and to the employees and agents who work at the Ocean Empire Management office, and have each such person sign Exhibit C to this Agreement, including but not limited to the following individuals: Igor Divnych; Billy Wah; Sergey Polyakov; Stanislav Terentyev; Veniamin Nudelman; Robert Schmidt; Ivan Shumeyko; Georgiy Ermilko; Antony Benjamin; Alberto Hernandez; Franky Rodriguez; Samuel Hertz; Ivona Hertz; Joseph Hertz; Ehud Livne; Gulnaz Polakov; Antonina Ermilko; Nikolay Baykin; Mieczyslaw Slaciak; and Elyse Sarhis.

15.   All employees and agents of the Corporate Defendants who work at the Buildings (including superintendents, managers, or individuals who work for the superintendents or managers), and who do not work at the Ocean Empire Management Office located at 1060 Ocean Avenue, must refer all inquiries about renting apartments at the Buildings to Ocean Empire Management located at 1060 Ocean Avenue. All employees and agents of the Corporate Defendants who work at the Buildings (including superintendents, managers, or individuals who work for the superintendents or managers) must not provide information to anyone about the availability of apartments or provide applications for apartments in the Buildings. All employees and agents of the Corporate Defendants who work at the Buildings shall not play any role with respect to the advertising or renting of apartments at the Buildings.

16.   Throughout the term of the Agreement, the Corporate Defendants shall publish or cause to be published an advertisement on a website that is free and accessible to all

prospective renters (which the Corporate Defendants agree shall be craigslist.com) for each apartment that becomes available to rent in the Buildings. In addition to craigslist, the Corporate Defendants may advertise on additional websites so long as the other websites are free and available to the general homeseeking population and not associated or identified with populations of a specific race, national origin, or religion. Each advertisement on craigslist (or any website) shall include: a) the number of bedrooms, b) the amount of rent, c) a contact telephone number to respond to the advertisement, d) the name of the person posting the advertisement and showing the units pursuant to paragraph 30 below, e) a description of the location of the apartment, and f) the phrase "Equal Housing Opportunity."

17. For each apartment that becomes available to rent in the Buildings, the Corporate Defendants shall cause to be published the website advertisement described in paragraph 16 and shall cause that website advertisement to be posted on craigslist at least once a day for seven consecutive days before current tenants and real estate agents and brokers may be informed orally or in writing of the availability of the apartment, shown the apartment, or provided any information about the apartment by the Defendants. After the advertisement described in paragraph 16 is published for seven consecutive days, current tenants and real estate agents and brokers may be informed orally or in writing of the availability of the apartment, provided that all such information is provided by Joseph Mashasha and RMR Apartments pursuant to the Exclusive Listing Agreement set forth herein. All employees and agents of Defendants who work at the 1060 Ocean Avenue office must refer all inquiries about renting apartments at the Buildings to Mr. Mashasha.

18. Within thirty (30) days after the Agreement is so ordered by the Court, and then annually on the same date for the term of the Settlement for a total of three annual mailings,

the Corporate Defendants shall send the letter and "priority waiting list" form which are attached as Exhibit D to all residents who live in defendants' buildings at the following addresses: 40 Lincoln Road, Brooklyn, New York; 787 East 46th Street, Brooklyn, New York; 1261 Schenectady Avenue, Brooklyn, New York; 128 Linden Boulevard, Brooklyn, New York; and 134 Linden Boulevard, Brooklyn, New York. The Corporate Defendants shall use all completed "prior waiting list" forms that residents complete and return to create a priority waiting list for available units in 1641 Ocean Avenue and 1463 Ocean Avenue. The Corporate Defendants shall use the priority waiting list as the first selection tool in renting available units at 1463 Ocean Avenue and 1641 Ocean Avenue, and offer financially qualified residents on the priority waiting list the opportunity to move into 1463 Ocean Avenue and 1641 Ocean Avenue, before taking the steps set forth in paragraphs 16 and 17. If no residents listed on the priority waiting list confirm their interest in transferring to an available apartment within 48 hours of Defendants' telephone notification to them of the opportunity to do so, the Corporate Defendants may commence the steps outlined in paragraph 16 and 17.

19.     For tenants on the "priority waiting list," Defendants agree a) not to charge any application fee, broker fee, transfer fee or other fees associated with their application; b) to permit tenants to transfer apartments mid-lease without any penalty;  c) to charge the tenants the same amount of rent for the apartment that Defendants would have charged to the general public, including preferential rents where applicable; and d) to apply the same eligibility rental criteria for tenants on the "priority waiting list" as for the general public.

20.     The principal owners of the Corporate Defendants may offer to rent available units in the Buildings to their immediate family members without taking the steps outlined above in paragraph 16-18.

21.     The Corporate Defendants will post and prominently display a sign at the Buildings that includes the telephone number of the office for the Corporate Defendants' management company and that indicates inquiries about renting an apartment should be directed to the telephone number on the sign. The sign shall state: "For all inquiries, please call Ocean Empire Management LLC at (718) 513-6888." The sign shall be located in each building's vestibule which is open to the public or on the front of the exterior of each building.

22.     The Corporate Defendants will post and prominently display a sign outside the premises at 1060 Ocean Avenue in a location where it is plainly visible to members of the public stating that Ocean Empire Management LLC is located at this address and providing a telephone number for people with inquiries to contact.

23.     The Corporate Defendants shall post and prominently display a Housing and Urban Development (HUD) fair housing poster, HUD Form 928.1, and the New York City Commission on Human Rights Fair Housing Poster, both attached as Exhibit E, at the Buildings where such are plainly visible to members of the public who inquire about housing for rent.

24.     The Corporate Defendants shall include the fair housing logo and/or the phrase "Equal Housing Opportunity" in all rental advertisements and promotional material utilized by the Corporate Defendants, the Corporate Defendants' employees, or the Corporate Defendants' management company. See attached Exhibit F of the fair housing logo (not to scale).

25.     The Corporate Defendants shall require their employees, managers, and agents who interact with the homeseeking public to utilize a Rental Inquiry Form in the form of Exhibit G for any prospective applicants for units in the Buildings, including for tenant referrals and transfer requests.

26.     The Corporate Defendants shall print the following sentences in a readable, legible, and visible manner on its form rental applications:

> "Our company is committed to equal housing opportunity. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, disability, age, marital status, military status, sexual orientation, gender identity, lawful source of income, alienage/citizenship status, domestic partnership status, lawful occupation, and any other characteristics protected by law."

The Corporate Defendants will only accept applications submitted on the form rental application.

## V.   FAIR HOUSING TRAINING

27.     Within ninety (90) days after the Agreement is so-ordered by the Court, the Corporate Defendants' employees and agents (including those who work at the Buildings and show apartments to or may have contact with prospective tenants), and the employees and agents of RMR Apartments that are involved in the rental of apartments at the Buildings (including but not limited to Joseph Mashasha and those who respond to emails and phone calls from prospective tenants) shall attend a three hour training to be conducted by Kevin Cremin of MFY Legal Services at a location in Brooklyn or Manhattan to be agreed upon between Corporate Defendants and the trainer.  The individuals who shall attend the training described in the preceding sentence include: Igor Divnych; Billy Wah; Sergey Polyakov; Stanislav Terentyev; Veniamin Nudelman; Robert Schmidt; Ivan Shumeyko; Georgiy Ermilko; Antony Benjamin; Alberto Hernandez; Franky Rodriguez; Samuel Hertz; Ivona Hertz; Joseph Hertz; Ehud Livne; Gulnaz Polakov; Antonina Ermilko; and Nikolay Baykin. The Corporate Defendants shall pay for any costs associated with the location of the training.   The Corporate Defendants shall pay $1,500 to MFY Legal Services for each training within 30 days of receipt of an invoice from

MFY Legal Services.  This training shall be repeated one time per year throughout the term of the Agreement for a total of three trainings.

28.    The trainings referenced in the paragraphs, above, shall include information about federal, state, and local fair housing laws as they relate to all aspects of the renting of apartments, as well as instruction on the terms of the Agreement.

29.    The individuals trained in the trainings referenced in the paragraphs, above, shall verify their attendance at the training in writing.  Within ten (10) business days of the date of the trainings required by this Agreement, the Corporate Defendants shall provide FHJC's counsel with a copy of the attendance verifications and the date on which the trainings were conducted.

## VI.    EXCLUSIVE LISTING AGREEMENT WITH RMR APARTMENTS.

30.    The Corporate Defendants will enter into an exclusive listing agreement with RMR Apartments to post advertisements and show available units in the Buildings (hereinafter, the "Exclusive Listing Agreement") within thirty (30) days after the Agreement is so-ordered by the Court.  The Corporate Defendants shall provide a copy of the Exclusive Listing Agreement to ECBA within thirty-five (35) days after the Agreement is so-ordered by the Court.  The Exclusive Listing Agreement shall cover all the Buildings.  The Exclusive Listing Agreement shall designate Joseph Mashasha as the individual from RMR Apartments authorized to post advertisements for available units in the Buildings and to show available units, and provide that Mr. Mashasha shall be trained pursuant to paragraph 27 above.  In the event that Mr. Mashasha is unavailable due to vacation, sick leave, or other specified absence, RMR Apartments may temporarily designate a replacement individual to perform Mr. Mashasha's functions under the Exclusive Listing Agreement, so long as the individual who temporarily

replaces Mr. Mashasha: a) has attended the training set forth in paragraph 27 of this Agreement,

b) is not a named defendant in this action; and c) is bound by the Exclusive Listing Agreement

between the Corporate Defendants and RMR Apartments.

      31.    Should Mr. Mashasha leave his current position at RMR Apartments

during the term of the Agreement such that it is necessary to designate an alternative individual

(who may not be a party to this action) to post advertisements and show available units in the

Buildings, Mr. Mashasha's replacement shall be approved by FHJC.  The Corporate Defendants

shall identify a replacement for Mr. Mashasha to FHJC within seven (7) days of Mr. Mashasha's

departure from RMR Apartments.  FHJC and the Corporate Defendants shall confer in good faith

to agree upon an individual who is an acceptable replacement for Mr. Mashasha.  FHJC shall not

unreasonably withhold consent for a replacement.

      32.    The Exclusive Listing Agreement between RMR Apartments and the

Corporate Defendants shall contain the following terms:

        a.    The agreement shall identify FHJC as a third-party beneficiary to the agreement;

        b.    The agreement shall identify Joseph Mashasha as the individual who will be responsible under the Agreement for complying with its terms including posting advertisements for available units in the Buildings on craigslist, showing available units in the Buildings, and maintaining records;

        c.    RMR Apartments shall agree to implement the substance of the terms outlined in paragraphs 11-17, above, at the Buildings;

        d.    RMR Apartments will place listings on craigslist for available units in the Buildings within twenty-four hours of receipt of the listing from Defendants;

        e.    RMR Apartments will make best efforts to show apartments as quickly as possible to members of the public who respond to the advertisements placed on craigslist for available units in the

Buildings;

f.  RMR Apartments shall agree to utilize a Rental Inquiry Form in the form of Exhibit G for any prospective applicants for units in the Buildings, including for tenant referrals and transfer requests. RMR Apartments shall request that any applicant complete the top part of the form prior to or at the time any available units are shown. If the applicant does not complete the form for any reason, the agent shall make best efforts to complete it, also prior to or at the time any available units are shown;

g.  For those prospective applicants who have completed the Rental Inquiry Form, RMR Apartments will complete that portion of each Rental Inquiry Form indicating which apartments have been shown and the date they were shown; and

h.  RMR Apartments shall maintain copies of these records and system of recordkeeping for three (3) years for the Buildings.

## VII. RECORDKEEPING PROVISIONS

33. The Corporate Defendant shall maintain the following records throughout the term of this Agreement electronically and/or in paper:

a.  Signed copies of Exhibits B and C;

b.  Completed copies of Exhibit G (Rental Inquiry Forms);

c.  All advertisements for apartments available for rent in the Buildings, and records of which real estate brokers were notified of available apartments in the Buildings;

d.  Rental applications and their attachments, including driver's license, passport, or other photograph identification that Defendants may require, that are submitted to the Defendants or any of their employees; and

e.  Records sufficient to determine whether a rental application was accepted or denied, the date of such acceptance or denial, and the reason for the denial. Such information may be written and/or stamped on the application or maintained in any reasonably accessible way.

34. Upon reasonable notice, the Corporate Defendants shall permit FHJC to inspect and copy the records described in the preceding paragraph once per year during the term

of this Agreement, except that FHJC will not be permitted to inspect or copy social security numbers, tax returns, banking information, or credit reports.

## VIII.  DISMISSAL OF COMPLAINT

35.    Within five (5) days of the date the Corporate Defendants make the second payment of Eighty Seven Thousand dollars ($87,000) described in paragraph 7, above, the parties, by their counsel, shall file a Stipulation of Dismissal with Prejudice, providing for dismissal of all claims and defenses by and against Defendants, together with any and all of Defendants' defenses and counterclaims against Plaintiffs, except without prejudice to the Fair Housing Justice Center reopening the case by motion to enforce compliance with the Agreement. Except for as provided herein, both sides shall bear their own attorneys' fees and costs.

## IX.    RELEASES

36.    In exchange for Defendants' agreement to the terms set forth above, Plaintiffs hereby release, acquit, and forever discharge with prejudice, and subject to the terms of this Agreement, Defendants and all employees, parents, owners, shareholders, agents, trustees, board members, insurers, bond holders, attorneys, subsidiaries and affiliated entities from any and all liability, claims, or rights of action arising from the allegations in the Complaint filed in this action, including, but not limited to, claims for costs, expenses, and attorneys' fees.

37.    Defendants hereby release, acquit, and forever discharge Plaintiffs, with prejudice and subject to the terms of this Agreement, from any and all claims, demands, causes of action, or liabilities, at law or in equity arising that Defendants have against Plaintiffs as of the date the Agreement is fully executed.

## X.    ADMINISTRATION OF AGREEMENT

38.     The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by either party.

39.     The parties to this Agreement shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Agreement prior to filing a motion with the Court to enforce and/or modify this Agreement.

40.     This Agreement shall be deemed to have been jointly drafted and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

## XI.  SEVERABILITY

41.     If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement.  The parties to this Agreement shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

## XII. MISCELLANEOUS

42.     This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

43.     The parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion or undue influence.

44.     This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original.  For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.

**AGREED TO BY THE PARTIES:**

Dated: _February 20_, 2014                Dated: _____, 2014

EMERY CELLI BRINCKERHOFF &                GOLDBERG & CARLTON PLLC
   ABADY LLP

By: _Katherine Rosenfeld_                 By: _____
   Katherine Rosenfeld                       Robert H. Goldberg
   Diane L. Houk                             31 East 32nd Street - 4th Floor
   75 Rockefeller Plaza, 20th Floor          New York, New York 10016-5509
   New York, New York 10019                  Telephone:  (212) 683-9559
   Telephone:  (212) 763-5000                Facsimile:  (212) 683-7901
   Facsimile:  (212) 763-5001

   *Attorneys for Plaintiffs*                *Attorneys for Defendants*

                                     By: _____
                                       KARA REALTY LLC

By: _____                By: _____
   LISA DARDEN                                GODER REALTY CORPORATION

By: _____                By: _____
   JAMES EDWARD BECTON                        OCEAN EMPIRE MANAGEMENT
                                         LLC

By: _____
   ANGELA SCOTT                               By: _____
                                         EHUD LIVNE

By: _____
   JUSTIN CARTER                             By: _____
                                         IVAN SHEUMEYKO

By: _____
   FAIR HOUSING JUSTICE CENTER

It is so ORDERED this _3L_ day of _March_ _____ 2014.

/s/ CHERYL POLLAK

_____
HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY THE PARTIES:**

Dated: _____, 2014          Dated: _____, 2014

EMERY CELLI BRINCKERHOFF &              GOLDBERG & CARLTON PLLC
   ABADY LLP

By: _____             By: _____
    Katherine Rosenfeld                      Robert H. Goldberg
    Diane L. Houk                            31 East 32nd Street - 4th Floor
    75 Rockefeller Plaza, 20th Floor         New York, New York 10016-5509
    New York, New York 10019                 Telephone:  (212) 683-9559
    Telephone:  (212) 763-5000              Facsimile:   (212) 683-7901
    Facsimile:   (212) 763-5001

                                         *Attorneys for Defendants*
    *Attorneys for Plaintiffs*
                                         By: _____
By: _____                  KARA REALTY LLC
    LISA DARDEN
                                         By: _____
                                             GODER REALTY CORPORATION
By: _____
    JAMES EDWARD BECTON                  By: _____
                                             OCEAN EMPIRE MANAGEMENT
By: _____                  LLC
    ANGELA SCOTT
                                         By: _____
By: _____                  EHUD LIVNE
    JUSTIN CARTER
                                         By: _____
By: _____                  IVAN SHEUMEYKO
    FAIR HOUSING JUSTICE CENTER



It is so ORDERED this 3d day of _____March_____ 2014

/S/ CHERYL POLLAK

_____
HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY THE PARTIES:**

Dated: __3·19_____, 2014          Dated: _____, 2014

**EMERY CELLI BRINCKERHOFF &**          **GOLDBERG & CARLTON PLLC**
    **ABADY LLP**

By: _____          By: _____
    Katherine Rosenfeld                    Robert H. Goldberg
    Diane L. Houk                          31 East 32nd Street - 4th Floor
    75 Rockefeller Plaza, 20th Floor       New York, New York 10016-5509
    New York, New York 10019               Telephone:  (212) 683-9559
    Telephone:  (212) 763-5000             Facsimile:  (212) 683-7901
    Facsimile:  (212) 763-5001

    *Attorneys for Plaintiffs*                  *Attorneys for Defendants*

                                        By: _____
By: _____              **KARA REALTY LLC**
    **LISA DARDEN**
                                        By: _____
By: _____              **GODER REALTY CORPORATION**
    **JAMES EDWARD BECTON**
                                        By: _____
By: _____              **OCEAN EMPIRE MANAGEMENT**
    **ANGELA SCOTT**                       **LLC**

By: _____          By: _____
    **JUSTIN CARTER**                      **EHUD LIVNE**

By: _____          By: _____
    **FAIR HOUSING JUSTICE CENTER**        **IVAN SHEUMEYKO**

It is so ORDERED this 3d day of March 2014

/S/ CHERYL POLLAK

**HON. CHERYL L. POLLAK**
**UNITED STATES MAGISTRATE JUDGE**

**AGREED TO BY THE PARTIES:**

Dated: FEB, 19 _____, 2014          Dated: _____, 2014

EMERY CELLI BRINCKERHOFF &              GOLDBERG & CARLTON PLLC
ABADY LLP

By: _____                  By: _____
    Katherine Rosenfeld                      Robert H. Goldberg
    Diane L. Houk                            31 East 32nd Street - 4th Floor
    75 Rockefeller Plaza, 20th Floor         New York, New York 10016-5509
    New York, New York 10019                 Telephone:  (212) 683-9559
    Telephone:  (212) 763-5000               Facsimile:  (212) 683-7901
    Facsimile:  (212) 763-5001

    *Attorneys for Plaintiffs*                *Attorneys for Defendants*

                                         By: _____
By: _____                      KARA REALTY LLC
    LISA DARDEN
                                         By: _____
By: _____                      GODER REALTY CORPORATION
    JAMES EDWARD BECTON
                                         By: _____
By: _____                      OCEAN EMPIRE MANAGEMENT
    ANGELA SCOTT                              LLC

By: _____                  By: _____
    JUSTIN CARTER                            EHUD LIVNE

By: _____                  By: _____
    FAIR HOUSING JUSTICE CENTER              IVAN SHEUMEYKO


It is so ORDERED this 3d day of March _____ 2014.

/S/  CHERYL POLLAK _____
HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY THE PARTIES:**

Dated: _____, 2014          Dated: _____, 2014

EMERY CELLI BRINCKERHOFF &                 GOLDBERG & CARLTON PLLC
    ABADY LLP

By: _____           By: _____
    Katherine Rosenfeld                        Robert H. Goldberg
    Diane L. Houk                              31 East 32nd Street - 4th Floor
    75 Rockefeller Plaza, 20th Floor           New York, New York 10016-5509
    New York, New York 10019                   Telephone:  (212) 683-9559
    Telephone:  (212) 763-5000                 Facsimile:  (212) 683-7901
    Facsimile:  (212) 763-5001

    *Attorneys for Plaintiffs*                 *Attorneys for Defendants*

                                           By: _____
By: _____                KARA REALTY LLC
    LISA DARDEN
                                           By: _____
By: _____                GODER REALTY CORPORATION
    JAMES EDWARD BECTON
                                           By: _____
By: _____                OCEAN EMPIRE MANAGEMENT
    ANGELA SCOTT                                LLC

By: _____           By: _____
    JUSTIN CARTER                              EHUD LIVNE

By: _____           By: _____
    FAIR HOUSING JUSTICE CENTER                IVAN SHEUMEYKO


It is so ORDERED this 3d day of March 2014

/S/ CHERYL POLLAK
_____
HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY THE PARTIES:**

Dated: _FEBRUARY 18_, 2014            Dated: _____, 2014

EMERY CELLI BRINCKERHOFF &            GOLDBERG & CARLTON PLLC
   ABADY LLP

By: _____            By: _____
   Katherine Rosenfeld                      Robert H. Goldberg
   Diane L. Houk                            31 East 32nd Street - 4th Floor
   75 Rockefeller Plaza, 20th Floor         New York, New York 10016-5509
   New York, New York 10019                 Telephone:  (212) 683-9559
   Telephone:  (212) 763-5000               Facsimile:   (212) 683-7901
   Facsimile:  (212) 763-5001

   *Attorneys for Plaintiffs*                *Attorneys for Defendants*

                                      By: _____
                                         KARA REALTY LLC
By: _____
   LISA DARDEN                            By: _____
                                         GODER REALTY CORPORATION
By: _____
   JAMES EDWARD BECTON                    By: _____
                                         OCEAN EMPIRE MANAGEMENT
By: _____             LLC
   ANGELA SCOTT
                                      By: _____
By: _____             EHUD LIVNE
   JUSTIN CARTER
                                      By: _____
By: _____             IVAN SHEUMEYKO
   FAIR HOUSING JUSTICE CENTER


It is so ORDERED this _3d_ day of _March_ _2014_

/S/ CHERYL POLLAK

HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY THE PARTIES:**

Dated: _____, 2014

EMERY CELLI BRINCKERHOFF &
   ABADY LLP

By: _____
    Katherine Rosenfeld
    Diane L. Houk
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
    Telephone:  (212) 763-5000
    Facsimile:  (212) 763-5001

    *Attorneys for Plaintiffs*

By: _____
    LISA DARDEN

By: _____
    JAMES EDWARD BECTON

By: _____
    ANGELA SCOTT

By: _____
    JUSTIN CARTER

By: _____
    FAIR HOUSING JUSTICE CENTER

Dated: **FEB  24**_____, 2014

GOLDBERG & CARLTON PLLC

By: _____
    Robert H. Goldberg
    31 East 32nd Street - 4th Floor
    New York, New York 10016-5509
    Telephone:  (212) 683-9559
    Facsimile:  (212) 683-7901

    *Attorneys for Defendants*

By: _____
    KARA REALTY LLC

By: _____
    GODER REALTY CORPORATION

By: _____
    OCEAN EMPIRE MANAGEMENT
    LLC

By: _____
    EHUD LIVNE

By: _____
    IVAN SHEUMEYKO

It is so ORDERED this **3d** day of **March**_____ 2014

/S/ CHERYL POLLAK
_____
HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER,
INC.; LISA DARDEN; JAMES EDWARD
BECTON; JUSTIN CARTER; and
ANGELA SCOTT,

                  Plaintiffs,

      v.

KARA REALTY LLC, GODER REALTY
CORPORATION, OCEAN EMPIRE
MANAGEMENT LLC, EHUD LIVNE,
AND IVAN SHEUMEYKO,

                  Defendants.

Index No. 13 Civ. 2339 (CMP)

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

SAMUEL HERTZ, being duly sworn, deposes and says:

    1.    I am an individual residing at _____,

Brooklyn, New York. I am also the owner and principal of Kara Realty LLC, Goder Realty

LLC, and Ocean Empire Management LLC, which are located in Brooklyn, New York.

    2.    I hereby confess judgment in this Court in favor of Plaintiffs Fair Housing Justice

Center, Inc., Lisa Darden, James Edward Becton, Justin Carter, and Angela Scott ("Plaintiffs")

against Kara Realty LLC, Goder Realty LLC, and Ocean Empire Management LLC jointly and

severally in the sum of eighty seven thousand dollars ($87,000), plus statutory interest thereon

for each day beginning on and inclusive of the date of entry of judgment until said amount (the

"Confessed Amount") is paid, together with all costs and attorneys fees incurred by Plaintiffs in

connection with any efforts to enforce this confessed judgment. I hereby authorize Plaintiffs, as

well as their heirs, executors, administrators, or assigns, to enter judgment for that sum or any lesser amount against Kara Realty LLC, Goder Realty Corporation, and Ocean Empire Management LLC, their parents, predecessors, successors, affiliated companies, and assigns.

3.    This confession of judgment is for claims made in the above-captioned action.

4.    I understand and agree that this Affidavit of Confession of Judgment authorizes entry of judgment in the United States District Court for the Eastern District of New York or any other court in the State of New York, under the terms hereof, without further proceedings, and also authorizes execution against it pursuant to such judgment, and that such judgment will be entitled to receive full faith and credit under the Constitution of the United States.

5.    This Affidavit of Confession of Judgment is not for the purpose of securing Plaintiffs against a contingent liability.

6.    This Affidavit of Confession of Judgment is not connected with a purchase of commodities and is not prohibited by § 3201 of the New York Civil Practice Law and Rules.

I declare under penalty of perjury that the foregoing is true and correct.

_____

SAMUEL HERTZ, as owner
of Kara Realty LLC, Goder Realty Corporation
and Ocean Empire Management LLC

Sworn to before me this
_____ day of _____ 2013.

_____

Notary Public

# Exhibit B

## EQUAL HOUSING OPPORTUNITY POLICY

KARA REALTY LLC, GODER REALTY CORPORATION, and OCEAN EMPIRE MANAGEMENT LLC are committed to equal housing opportunity at our apartment buildings located throughout the City of New York. Consistent with this policy, you must not do any of the following during the course of your work for our companies:

1. Refuse to show, refuse to negotiate for the rental of, refuse to rent, or otherwise make unavailable or deny, an apartment to any person because of race, color, religion, sex, familial status, national origin, disability, lawful source of income (including SSI, SSD, Section 8, and other rental vouchers, housing subsidies, government programs, or public benefits), marital status, domestic partnership status, age, sexual orientation, alienage or citizenship status, lawful occupation, or military status (each is a "prohibited basis");

2. Discriminate against any person in the terms, conditions or privileges of renting an apartment or in providing services or facilities in connection with renting an apartment because of a prohibited basis, including stating or quoting different rents for the same apartments to people of different races and not providing applications to prospective tenants because of a prohibited basis;

3. Make any verbal or written statement, including advertising, with respect to the rental of an apartment that indicates any preference, limitation, or discrimination concerning a prohibited basis; and

4. Represent to any person because of a prohibited basis that any apartment is not available for inspection or rental when such apartment is in fact so available, including refusing to show apartments that are available to rent.

Any action you take because of a prohibited basis that has the effect of making housing unavailable to persons protected under these laws constitutes a violation of federal, state, and local laws. You should understand that any violation of this Equal Housing Opportunity Policy will lead to discipline, up to and including termination of your work with our companies.

# Exhibit C

## ACKNOWLEDGMENT AND AGREEMENT

I acknowledge that I have received and read the Equal Housing Opportunity Policy for KARA REALTY LLC, GODER REALTY CORPORATION, OCEAN EMPIRE MANAGEMENT LLC.  I agree to comply with the terms of the Policy and with all federal, state, and local housing discrimination laws.

_____

DATE

_____

EMPLOYEE/AGENT NAME (PRINT)

_____

EMPLOYEE/AGENT SIGNATURE

# Exhibit D

To:        Tenants of [BUILDINGS]
From:      Ocean Empire Management LLC
Date:      February _____, 2014

---

As you may know, our company manages and owns a number of rental buildings throughout Brooklyn.  In order to resolve a complaint in which our company has denied any wrongdoing, we are writing to inform you as a current tenant about a unique opportunity you have to add your name to a **Priority Waiting List** for apartments that may become available for rent in two apartment buildings we manage at 1641 Ocean Ave and 1463 Ocean Ave, both located in the Midwood neighborhood of Brooklyn.  These rent-stabilized buildings contain one and two bedroom apartments.

If you are not interested in moving to these buildings, there is nothing that you need to do and you may disregard this notice.  If, however, you may be interested in moving to one of these buildings, you may voluntarily add your name to the Priority Waiting List by completing and mailing the form on the reverse side of this letter to our office at Ocean Empire Management LLC, 1060 Ocean Avenue, Brooklyn, NY, ATTN: Priority Mailing List.  Your name will appear on the list by the length of time you have been a tenant in one of our buildings.  You must be current on your rent in order to be eligible to add your name to this waiting list.

If you choose to add your name to the Priority Waiting List, we will contact you before publicly advertising any available apartment.  If, for instance, you are on the Priority Waiting List for a two bedroom apartment and a two bedroom apartment comes available during the year, we will contact you by telephone and advise you about the available apartment and the rent for it.  At the time you are contacted, you may indicate whether you are interested in viewing the available apartment and possibly submitting an application to transfer to it; or you may tell us that you are not interested in this apartment, but wish to remain on the list for other apartments that might become available; or you may inform us that you are no longer interested in moving to either of these buildings and ask that we remove your name from the list.  If you are interested in an apartment that becomes available, we can arrange to have you view the apartment and provide you with a rental application. You will not be charged an application fee or brokers fee.  If you like the available apartment and your application is approved, no transfer fee will be charged.  If there is a difference between your current security deposit and the amount of the security deposit for the new apartment, you will only be required to pay the difference.  If you are midway through your current lease, management will permit you to transfer provided that your application has been approved for the new apartment.  If you are currently paying your rent with a rental subsidy of some kind and the rental subsidy program agrees to pay for the rent for the new apartment, it will be accepted by management.

Again, if you are not interested in moving to the buildings at 1641 Ocean Ave or 1463 Ocean Ave. in Brooklyn, there is nothing you need to do and your decision will have no impact on your lease for the apartment you are currently renting.

Please feel free to contact Julia Polakov at 718-434-5252 should you have any questions about the Priority Waiting List procedures or the enclosed form.  Thank you very much.

## PRIORITY WAITING LIST FORM

Please complete this form if you would like to add your name to the Priority Waiting List for apartments that may become available in the future in 1641 Ocean Avenue or 1463 Ocean Avenue. We will contact you by telephone if there is a vacant unit and ask if you are still interested in submitting an application for one of these apartments.

NAME _____

ADDRESS _____

APARTMENT NUMBER _____

BEST PHONE NUMBER _____

ALTERNATIVE PHONE NUMBER _____

EMAIL _____

DATE _____

SIGNATURE _____

# Exhibit E

U. S. Department of Housing and Urban Development





**EQUAL HOUSING OPPORTUNITY**

### We Do Business in Accordance With the Federal Fair Housing Law

(The Fair Housing Amendments Act of 1988)

---

## It is illegal to Discriminate Against Any Person Because of Race, Color, Religion, Sex, Handicap, Familial Status, or National Origin

---

■ In the sale or rental of housing or residential lots

■ In the provision of real estate brokerage services

■ In advertising the sale or rental of housing

■ In the appraisal of housing

■ In the financing of housing

■ Blockbusting is also illegal

---

Anyone who feels he or she has been discriminated against may file a complaint of housing discrimination:
　　1-800-669-9777 (Toll Free)
　　1-800-927-9275 (TTY)

U.S. Department of Housing and Urban Development
Assistant Secretary for Fair Housing and Equal Opportunity
Washington, D.C. 20410

Previous editions are obsolete

form HUD-928.1 (3/2003)

# HOUSING DISCRIMINATION IS AGAINST THE LAW!

UNDER THE NEW YORK CITY HUMAN RIGHTS LAW, YOU CANNOT BE DENIED HOUSING BECAUSE OF YOUR ACTUAL OR PERCEIVED RACE, CREED, COLOR, NATIONAL ORIGIN, AGE, DISABILITY, GENDER (INCLUDING GENDER IDENTITY AND SEXUAL HARASSMENT), SEXUAL ORIENTATION, MARITAL STATUS, PARTNERSHIP STATUS, ALIENAGE OR CITIZENSHIP STATUS, LAWFUL OCCUPATION, LAWFUL SOURCE OF INCOME, OR BECAUSE CHILDREN MAY BE RESIDING WITH YOU.

CCHR Press Archive

If you believe that you are a victim of housing discrimination, you should dial 311 to reach the NYC Commission on Human Rights, or visit www.nyc.gov/cchr.



MICHAEL R. BLOOMBERG, Mayor
PATRICIA L. GATLING, Commissioner/Chair

# Exhibit F



# Exhibit G

# OCEAN EMPIRE MANAGEMENT, LLC

## RENTAL INQUIRY FORM

DATE OF CONTACT: ___/___/_____

TYPE OF CONTACT:   ☐ TELEPHONE   ☐ EMAIL   ☐ IN-PERSON   ☐ OTHER _____

NAME: _____   _____

TELEPHONE NUMBERS: (   ) _____   (   ) _____

EMAIL ADDRESS: _____

HOW DID THE PERSON LEARN ABOUT APARTMENT AVAILABILITY?  ☐ AD ON CRAIGSLIST
    ☐ REFERRAL
    ☐ BROKER/AGENT
    ☐ AD IN NEWSPAPER
    ☐ WALK-IN TO OFFICE
    ☐ OTHER WEBSITE _____
    ☐ OTHER _____

MINIMUM NUMBER OF BEDROOMS DESIRED:   0   1   2   3   4

DATE APARTMENT NEEDED BY: _____

NAME OF AGENT RECEIVING CONTACT: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAS AN APARTMENT SHOWN IN RESPONSE TO THIS CONTACT:   ☐ YES   ☐ NO

IF NO, WHY NOT? _____

_____

IF YES, PLEASE INDICATE WHAT APARTMENTS WERE SHOWN?

ADDRESS _____ APT. #_____ DATE SHOWN: _____

ADDRESS _____ APT. #_____ DATE SHOWN: _____

ADDRESS _____ APT. #_____ DATE SHOWN: _____

NAME OF AGENT SHOWING APARTMENT: _____